CELIUS GRAY

VERSUS

FIFTH CIRCUIT COURT OF APPEAL

NO. 24-K-461

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Wiseman_
Linda Wiseman
First Deputy, Clerk of Court

October 16, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CELIUS GRAY

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 20-5560

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**WRIT DENIED**

On October 1, 2024, relator, Celius Gray, filed a *pro se* writ application in this Court entitled, "Emergency Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, Temporary Restraining Order, Stay Order, and Preliminary Injunction," requesting relief on several issues.  For the following reasons, we deny the writ application.

In February of 2021, relator was indicted by a Jefferson Parish grand jury for first degree rape, in violation of La. R.S. 14:42.  There have been several motions and rulings pertaining to relator's competency in this matter.  The record shows that after a sanity hearing on March 6, 2024, the trial court found relator incompetent to proceed and remanded him to a State mental health facility.

On March 14, 2024 and July 16, 2024, relator filed motions for writ of habeas corpus with the trial court.  On August 6, 2024, relator filed a writ application seeking mandamus relief from this Court, because the trial court had

24-K-461

not ruled on these motions.  On August 20, 2024, in *Gray v. Lopinto*, 24-354 (La. App. 5 Cir. 8/20/24), 2024 WL 3880773 (unpublished writ disposition), this Court granted the writ application for the limited purpose of ordering the trial court to rule on relator's motions for writ of habeas corpus, or to provide reasons to this Court why it cannot rule on the motions, within 15 days.

In the present writ application, relator seeks mandamus relief for enforcement of this Court's August 20, 2024 order, arguing the trial court has failed to comply with it.  However, the record shows that on September 18, 2024, the trial court held a competency hearing and, at the conclusion of the hearing, the trial court ordered that relator be re-evaluated by Dr. Richard Richoux, an expert in forensic psychiatry.  The Court also scheduled another hearing in the competency proceedings for October 16, 2024.

As we pointed out in our August 20, 2024 disposition in *Gray*, "[w]hen the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed."  La. C.Cr.P. art. 642.  The proceedings shall be suspended once the court finds the defendant incompetent.  La. C.Cr.P. art. 648(A).

Because relator was previously found incompetent and another hearing on his competency is currently pending, relator is not entitled to mandamus relief at this time.  A ruling on relator's competency will determine whether the trial court must rule on his outstanding motions.

Relator also argues the trial court has not ruled on his Motion to Substitute Counsel, which was set for hearing on September 18, 2024.  However, the record shows this motion is currently set for hearing on October 16, 2024, the same date as the competency hearing.  Therefore, relator is not entitled to mandamus relief.

2

Relator also asks this Court to dismiss the indictment based on a variety of grounds, including unconstitutional access to the court, attorney negligence and malpractice, undue delay, and unlawful custody. However, this Court will only consider issues that were first submitted to the trial court for consideration. *See* Uniform Rules-Courts of Appeal, Rule 1-3.[1] Because these issues have not been presented to or ruled upon by the trial court, relator's request is outside of this Court's scope of supervisory review. Furthermore, even if relator had filed for such relief in the trial court, we point out that the trial court can only address such issues when relator is found to have the mental capacity to proceed. *See* La. C.Cr.P. art. 642.

Based on the foregoing, we deny the writ application.

Gretna, Louisiana, this 16th day of October, 2024.

**FHW**
**SMC**
**MEJ**

---

[1] Rule 1-3 provides:

> The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be provided by LSA-Const. Art. 5, §10(B), and as otherwise provided by law. The Courts of Appeal shall review issues that were submitted to the trial court and that are contained in specifications and assignments of error, unless the interest of justice clearly requires otherwise.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY <u>10/16/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-461**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Celius Gray #1000677028 (Relator)
Jefferson Parish Correctional Center
P. O. Box 388
Gretna, LA 70054